ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- )<br><br>)<br>Strobe Data, Inc. )<br><br>)<br>Under Contract No. FA8224-10-C-0028 ) | ASBCA No. 60123 |

APPEARANCES FOR THE APPELLANT:        Kevin A. Rosenfield, Esq.
Mark G. Jackson, Esq.
  Jackson Rosenfield LLP
  Seattle, WA

APPEARANCES FOR THE GOVERNMENT:     Col Matthew J. Mulbarger, USAF
  Air Force Chief Trial Attorney
Alexis Bernstein, Esq.
  Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE DELMAN

The Board *sua sponte* raised the issue whether the monetary claim of Strobe Data, Inc. (appellant) to the contracting officer (CO) was asserted in a "sum certain" for purposes of our jurisdiction under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. In a novel reversal of roles, appellant contends that its claim was not asserted in a sum certain; that the Board is without jurisdiction; and that its appeal should be dismissed without prejudice. The Department of the Air Force (AF or government) opposes a dismissal without prejudice on jurisdictional grounds, contending that appellant's claim was asserted in a sum certain and the Board should retain jurisdiction. For reasons stated below, we conclude we do not have jurisdiction over this appeal.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 5 January 2010, the government awarded the subject contract to appellant to provide two Kestrel DXPs rack-mounted systems, plus system integration and testing for a firm-fixed price of $98,238 (R4, tab 3). The government sought these components as a possible replacement for an obsolescent computer in its F-16 test stations, known as the "Avionics Intermediate Stations" or AIS.

2. It is undisputed that appellant timely shipped the units to the government; that the government accepted the units; and paid appellant the full contract price (R4,

tab 6).[1] However, appellant was of the view that the AF improperly tested the units, with the result that the units were ultimately disqualified by the government from replacing the obsolescent computer in the F-16 test station (*see* claim letter below).

3. By letter dated 15 May 2015, appellant submitted a lengthy certified claim to the CO reciting the background of the dispute; describing the nature of the improper testing and other AF failures. Appellant asserted that the government's conduct was a breach of its duty of good faith and fair dealing. (R4, tab 8)

4. Appellant's letter asserted a monetary claim for damages. Insofar as pertinent, the letter stated as follows:

> Performance of this improper test, as well as other acts identified herein, constituted a breach of the Government's duty of good faith and fair dealing, and caused Strobe to incur an estimated $30,000,000 in damages.
>
> ....
>
> ...As a result, Strobe lost the opportunity to sell a **minimum of 200 Kestrel QXP systems, based on the Government's own estimates (and likely more**, given the importance of the HP1000 A900 to the AIS for the C-5A, A-10, F-14, and the F-16). As each Kestrel had a profit margin of $150,000, Strobe's lost profits from the F-16 market alone amount to $30,000,000. [Footnote omitted]
>
> ....
>
> ### IV. CONCLUSION
>
> ...**As such, Strobe's damages are, at a minimum, $30,000,000.** Should you need any further clarification or documentation, please do not hesitate to contact me. [Emphasis added]

(R4, tab 8 at 1, 7, 9)

---

[1] Appellant alleges in its complaint that at the government's request, it agreed to replace the 2 DXPs with 2 QXPs, appellant's fastest computer, at no additional charge to the government (compl. ¶ 32). The government did not specifically admit or deny this allegation in its answer. We need not make any findings on this matter for purposes of this decision on jurisdiction.

5. By memorandum to appellant dated 13 July 2015, the CO denied appellant's purported claim. The CO concluded, in part, as follows:

> For the reasons outlined above, the Air Force denies Strobe Data's claim that the Air Force owes a minimum of $30,000,000 in damages, a contractual relationship existed regarding testing of the Kestrel, and that the Air Force possessed foreknowledge of test failures.

(R4, tab 10 at 3)

6. Appellant filed a timely notice of appeal to this Board, which was docketed as ASBCA No. 60123.

## DECISION

Our jurisdiction under the CDA is predicated upon the filing of a claim by one of the contracting parties, 41 U.S.C. § 7103(a). The CDA does not define "claim," but the Federal Acquisition Regulation (FAR) does so. FAR 2.101 states in pertinent part as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, **the payment of money in a sum certain**, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract. However, a written demand or written assertion by the contractor seeking the payment of money exceeding $100,000 is not a claim under the Contract Disputes Act of 1978 until certified as required by the Act. [Emphasis added]

The specific issue before us is whether appellant's claim letter to the CO, dated 15 May 2015, asserts a claim in a "sum certain" in accordance with this definition. If it does not, appellant has not asserted a proper claim, and we do not have jurisdiction.

Appellant's claim letter seeks damages in the "minimum" amount of $30,000,000. We have held that a contractor's quantification of claim amounts through the use of qualifying language such as "a minimum of $1,957,236.84" does not assert a claim in a sum certain. *Daniel S. Sinclair, Callan E. Sinclair and Cayman C. Sinclair*, ASBCA No. 56768 *et al.*, 12-2 BCA ¶ 35,105 at 172,383; *see also Sandoval Plumbing Repair, Inc.*, ASBCA No. 54640, 05-2 BCA ¶ 33,072 ("no less than" claim amount is not a sum certain).

3

The government acknowledges this qualifying language, but argues that it is countermanded by a simple, mathematical calculation in the claim letter that results in a sum certain, i.e., the number of units appellant expected to sell to the AF, 200, multiplied by the claimed profit per unit, $150,000, resulting in a "sum certain" amount of $30,000,000 (gov't br. at 2). The government misreads appellant's claim letter. The letter does not state that appellant expected to sell 200 units to the government; rather, the letter states that appellant "lost the opportunity to sell a minimum of 200 [units], based on the Government's own estimates (and likely more...)" (SOF ¶ 4). The number upon which the government relies to compute a sum certain is itself uncertain. The government's position is without merit.

The government argues however that appellant's complaint before the Board "contains no equivocation – it states in 'sum certain' terms that [appellant's] damages amount to $30,000,000" (gov't br. at 3). This statement, albeit true, has no bearing on the jurisdictional issue. The law requires that appellant's **claim** to the CO be asserted in a sum certain, not its complaint before the Board.

The government attacks appellant's claim for addressing potential lost opportunities on programs other than the F-16 program, contending that appellant had no basis, contractual or otherwise, to make such assertions (gov't br. at 1). The government's argument addresses the merits of appellant's monetary claim. Whether appellant's claim is speculative, or otherwise unsupported by its contract is not before us. Our task is to evaluate appellant's claim, as asserted, to determine whether it complies with the claim definition in the FAR. We believe it does not. The government's additional suggestion that appellant may not challenge the Board's jurisdiction of its own claim is also incorrect. *See Universal Canvas, Inc. v. Stone*, 975 F.2d 847, 850 (Fed. Cir. 1992) (a jurisdictional limitation "does not run only in favor of the government").

We have considered all the government's other arguments, but they are unpersuasive. Appellant's reference in its claim letter to the sale of a "minimum" of 200 units and "likely more," when multiplied by its claimed expected profit rate of $150,000 per unit, is perfectly consistent with its conclusion that its damages were a "minimum" of $30,000,000. In accordance with the FAR definition and our case law, we conclude appellant's request for damages using this type of qualifying language was not asserted in a sum certain.

4

## CONCLUSION

Appellant has not asserted a proper claim under the CDA and we dismiss for lack of jurisdiction.

Dated: 5 January 2016

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60123, Appeal of Strobe Data, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals